**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

JS - 6

Case No. SACV 11-0887 DOC (ANx)                                          Date: August 12, 2011

Title: MANYA WASHINGTON, ET AL v. AURORA LOAN SERVICES, ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                              NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; REMANDING TO STATE COURT

      Before the Court are Defendants Aurora Loan Services LLC, Merscorp, Inc. and Mortgage Electronic Registration Systems, Inct.'s Motion to Strike Portions of Third Amended Complaint (dkt. 10); Defendants Aurora Loan Services LLC, Merscorp, Inc. and Mortgage Electronic Registration Systems Inc.'s Motion to Dismiss Third Amended Complaint (dkt. 11), Defendant Transcend Investment Joinder in Motion to Dismiss Third Amended Complaint (dkt. 12), and Plaintiffs Franklin Tucker and Lawanda Tucker's Motion to Remand Case to State Court Pursuant to 28 U.S.C. 1447(c) (dkt. 20). The Court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers, and for the reasons stated below, the Court hereby GRANTS IN PART the Motions to Dismiss and REMANDS the case to superior court.

      **I.**     **Background**

      Plaintiff Manya Washington ("Washington") filed this action in Orange County Superior Court on May 28, 2010. On September 14, 2010, Washington filed a First Amended Complaint, and then filed a Corrected First Amended Complaint on September 20, 2010. On October 6, 2010, she filed an Amendment to the Corrected First Amended Complaint in the Action. On December 20, 2010,

Washington, along with Franklin Tucker and LaWanda Tucker (collectively the"Tuckers") filed a Second Amended Complaint.  Finally, on June 3, 2011, following Plaintiffs' counsel's failure to appear at court and adequately represent Plaintiffs, they retained new counsel and filed the present Third Amended Complaint ("TAC"), asserting for the first time federal causes of action.  Defendants timely removed the case to the Central District of California (dkt. 1).

Plaintiffs Tuckers are a married couple, who assert that they are co-borrowers of mortgages and Plaintiff Washington, is a co-borrower of the mortgages and a co-purchaser of the subject property.  *See* TAC, ¶¶ 1-2.  Washington purchased the subject property on July 20, 2006, using two loans for the purchase, secured by First and Second Deeds of Trust.[1]  Plaintiffs allege that Defendants engaged in an unlawful, non-judicial foreclosure proceeding and proceeded to sell Plaintiffs' home to a real estate investor.  Following the filing of an unlawful detainer action, Plaintiffs were evicted.  Plaintiffs' former counsel filed an action in state court on May 28, 2010, seeking injunctive relief, declaratory relief, and damages, and a preliminary injunction to stop the foreclosure sale.  The court issued a temporary restraining order, but ultimately denied a request for preliminary injunction on June 24, 2010.[2]

Plaintiffs' TAC alleged that Plaintiffs had an oral agreement with Aurora Loan Services, LLC ("Aurora") that Aurora would not foreclose on Plaintiffs' property while it considered a loan modification.  Following the state court's denial of the injunction, Aurora proceeded with the foreclosure and sold the property to Transcend.  Transcend then obtained an unlawful detainer against Plaintiffs, and Washington obtained a preliminary injunction to prevent Transcend from selling the property.

Plaintiffs' TAC asserts causes of action for (1) Violation of the California False Claims Act; (2) Fraud; (3) Violation of the Federal and State Fair Debt Collection Practices Act; (4) Predatory Lending; (5) Breach of Contract/Trust/Fiduciary Duty; (6) Wrongful Foreclosure; (7) Violation of Business and Professions Code Sections 17200 *et seq.*; (8) Violation of the Consumer Legal Remedies Act; (9) Declaratory Relief.

**II.   Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state

---

[1] The Court GRANTS Defendants' request for judicial notice as to this fact.  All other requests are GRANTED to the extent relied upon in this Order and DENIED to the extent they are not addressed.

[2] The Court GRANTS Defendants' request for judicial notice as to this fact.  All other requests are GRANTED to the extent relied upon in this Order and DENIED to the extent they are not addressed.

a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id*.

### III.  Discussion

Plaintiffs' nine claims allege mostly claims arising under California state law. The Court will first address the two claims brought pursuant to Federal law.[3]

#### 1.  The Third Cause of Action Under the FDCPA

Plaintiffs allege in their third cause of action that Defendants failed to comply with the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692. TAC, ¶ 39. The FDCPA prevents a "debt collector" from engaging in various "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692. Pursuant to the FDCPA, a "debt collector" must cease collection of a debt "if the

---

[3] Plaintiffs argue in their Motion to Remand that the mere reference to federal statutes in two of their causes of action does not deem them federal claims. It is clear from Plaintiffs' allegations, however, that two of the claims are brought pursuant to federal statutes. This, of course, gives rise to federal question jurisdiction.

consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed." 15 U.S.C. § 1692g(a)(4).  Before reinstating collection of the debt, "the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." *Id*.

The text of the FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692(a).  In short, a debt is a monetary obligation, and a debt collection action aims to compel payment of this obligation.

Plaintiffs' allegations for this cause of action deal Aurora and MERS' foreclosure.  The aim of a foreclosure, however, is entirely distinct from the aim of a debt collection action.  With a foreclosure, the trustee exercises his power of sale, which is security against the breach of the obligation. Cal. Civ. Code § 2924.  Thus, "[p]ayment of funds is not the object of the foreclosure action. Rather the lender is foreclosing its interest in the property." *Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).

Since a transfer in interest is the aim of a foreclosure, and not a collection of debt, the foreclosure proceeding is not a debt collection action under the FDCPA. As such, "[a]ny actions taken by [Defendants] in pursuit of the actual foreclosure may not be challenged as FDCPA violations." *Id*. Other courts have held likewise. *See Izenberg v. ETS Services, LLC*, 589 F. Supp. 2d 1193 (C.D. Cal. 2008); *see also Heinemann v. Jim Walter Homes, Inc.*, 47 F. Supp. 2d 716 (D. W. Va. 1998), aff'd, 173 F. 3d 850 (4th Cir. 1999) (finding that a foreclosure proceeding pursuant to a deed of trust was not a basis for a FDCPA violation).

Accordingly, the Court DISMISSES Plaintiffs' FDCPA claim for failure to state a claim.

### 2.     Fourth Cause of Action for Predatory Lending Pursuant to TILA

Plaintiffs Fourth Cause of Action alleges predatory lending practices by all defendants. Plaintiffs appear to allege this cause of action under, *inter alia*, the Truth in Lending Act ("TILA"). The TAC appears to allege the TILA claim based on the origination of the loan. *See* TAC, ¶ 51.

This claim is barred by TILA's statute of limitations. A TILA action to recover damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The closing date constitutes the date of occurrence.  *See King v. California* , 784 F.2d 910, 915 (9th Cir. 1986).  The loan in question was entered into in 2006, and this action was filed in state court in 2010, well after the expiration of the one-year statutory limit.  Likewise, the statute of limitations for a rescission claim is 3 years.  15 U.S.C. § 1625(f).  This time limit has also passed.

Accordingly, The Court DISMISSES Plaintiff's TILA claim.

### 3. Plaintiff's Remaining State Law Claims

Because the federal claims were the basis for federal jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.[4] The Court will therefore not address Plaintiff's pleadings as to the state causes of action.

### IV. Disposition

For the reasons set forth above, Defendant's Motions to Dismiss are hereby GRANTED as to the federal claims in Plaintiffs' third and fourth causes of action.

Since the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, the case is therefore REMANDED to state court for want of federal jurisdiction. Plaintiffs' Motion to Remand is therefore MOOT.

The Clerk shall serve this minute order on all parties to the action.

---

[4] 28 U.S.C. § 1367(c) provides that the district court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction."